IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES, LLC,

    Plaintiff,

vs.

SADOC FAUSTO; and
DOES 1-10, inclusive,

    Defendant.
_____/

No. CIV S-12-594 GEB EFB PS

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

On March 7, 2012, defendant Sadoc Fausto, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Joaquin County. Dckt. No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

1   Defendant's notice of removal is predicated upon the court's federal question
2 jurisdiction. Dckt. No. 1 at 2-3. However, a review of the complaint reveals that plaintiff does
3 not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.
4 Dckt. No. 1 at 5-7 (Compl.). Additionally, although defendant's notice of removal states that he
5 filed a demurrer in state court because "the Notice to Occupants to Vacate Premises failed to
6 comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]," Dckt. No. 1 at 2,
7 the presence or absence of federal question jurisdiction "is governed by the 'well-pleaded
8 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
9 presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*,
10 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1]
11 federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends
12 on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v.*
13 *An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting
14 *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here,
15 plaintiff's one cause of action is for unlawful detainer under state law, and under the
16 well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for
17 removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). Therefore,
18 because defendant has not adequately established that plaintiff's complaint alleges a federal
19 claim,[1] the court lacks subject matter jurisdiction and must remand the case.[2] *See* 28 U.S.C.

---

21 [1] Nor has defendant established that this court has diversity jurisdiction, or that removal by defendant, who appears to be a California citizen, would be proper under 28 U.S.C.
22 § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is
23 brought."

24 [2] Nor does the notice of removal appear to be timely. Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or
25 otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the
26 defendant if such initial pleading has then been filed in court and is not required to be served on

1  § 1447(c).

2  Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference

3  currently set for hearing on July 18, 2012 is vacated.[3]

4  IT IS FURTHER RECOMMENDED that the above-captioned case be REMANDED to

5  the Superior Court of the State of California in and for the County of San Joaquin.

6  These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within fourteen days after service of the objections.  Failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.

13  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

14  Cir. 1991).

15  DATED:  March 12, 2012.

16  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

---

19-24  the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, although the complaint was filed in state court on November 15, 2011, defendant did not remove the action until March 7, 2012.  Dckt. No. 1 at 1.
    Additionally, although defendant's notice of removal states that defendant filed a demurrer in state court and that the state court did not sustain the demurrer, the notice of removal does not include a copy of the demurrer or the order denying the demurrer, as required by 28 U.S.C. § 1446(a).  Dckt. No. 1 at 2; *see also* 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

25-26  [3] As a result, the parties are not required to submit status reports as provided in the March 7, 2012 order.  *See* Dckt. No. 2.  However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

3